

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Eric Teszler**<br>*Special Assistant Corporation Counsel*<br>Office: (212) 356-1652 |

August 8, 2023

<u>VIA ECF</u>
Hon. Jessica G.L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *J.H. v. N.Y.C. Dep't of Educ.*, 23-cv-5895 (JGLC)(OTW)

Dear Judge Clarke:

  I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs, and expenses for legal work on administrative hearings, as well as for this action, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*

  I write to respectfully request that (a) the Court order Plaintiff to provide, no later than August 14, 2023, relevant attorney billing records ("ABR") necessary for Defendant to formulate a reasonable settlement posture to resolve this case, and (b) that this action be stayed with a joint status letter due no later than November 10, 2023 either informing the Court that the case has been fully resolved or proposing a briefing schedule on Plaintiff's simple fee application. This is the first request for a stay, after the Court, on August 1, 2023, granted an initial 90-day request for an extension of Defendant's time to respond to the Complaint (ECF 10).

  Since this action was initiated on July 10, 2023 (ECF 1), the undersigned has made numerous requests via email for ABR, including on July 28 and July 31. To date, however, Plaintiff's counsel has not responded to these requests for ABR. As this case requires no discovery and liability is not at issue, it is in essence nothing but a simple fee application. However, without ABR, Defendant cannot begin its internal settlement review process—which typically takes approximately 90 days to complete—and entails reviewing the ABR together with the underlying administrative record.

  We do not understand Plaintiff's delay. The billing records at issue are required to be prepared *contemporaneously* with the work Plaintiff's counsel performs related to this action and the underlying administrative proceedings. Many Judges in this District have stayed IDEA fees-only actions brought

by plaintiffs represented by the Roller firm due to counsel's failure to provide ABR.[1] Indeed, after Defendant made a similar motion to compel and to stay in *S.T.*, Judge Woods held a conference and voiced concern to Irina Roller over a delay similar to the one at issue here:

> As a brief aside for counsel for plaintiff, if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. *I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation.* So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*S.T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL) (ECF 13; Sept. 11, 2020) (emphasis added) (directing provision of billing records).

In light of the foregoing, Defendant respectfully requests that Plaintiff's counsel be compelled to provide Defendant with ABR no later than August 14, 2023, and that this action be stayed until November 10, 2023, with a status letter due by the same date either informing that the case has been fully resolved or proposing a briefing schedule.

Thank you for considering these requests.

Respectfully submitted,

*/s/ Eric Teszler*
Eric Teszler, Esq.
Special Assistant Corporation Counsel

cc: Irina Roller (via ECF)

Having duly considered the parties' submissions, the case is hereby STAYED and Defendant's motion to compel is DENIED. The parties are ORDERED to file a joint status letter with the court regarding the status of production of ABR no later than **August 25, 2023**.

The parties are reminded that future applications of this kind must be made in accordance with the Court's Individual Rule 4(k).

The Clerk of Court is directed to terminate ECF No. 11.

Dated: August 11, 2023
   New York, New York

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

---

[1] *See S.G. v. N.Y.C. Dep't of Educ.*, 22-cv-4904 (PAE)(JW) (ECF 19); *H.A. v. N.Y.C. Dep't of Educ.*, 23-cv-1964 (PGG)(JW) (ECF 11); *R.S. v. N.Y.C. Dep't of Educ.*, 23-cv-1921 (ALC)(BCM) (ECF 11).